# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1998 SESSION



**FILED**

**August 14, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9708-CR-00347 |
| | ) | |
| vs. | ) | Hamblen County |
| | ) | |
| **MICHAEL TODD DRINNON,** | ) | Hon. James E. Beckner, Judge |
| | ) | |
| Appellant. | ) | (Evading Arrest - 2 cts. |
| | ) | 3d offense Driving on Revoked License - 2 cts.) |

FOR THE APPELLANT:

**GREG W. EICHELMAN**
District Public Defender

**D. CLIFTON BARNES**
Asst. District Public Defender
419 High St.
Maryville, TN 37804

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Asst. Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**C. BERKELEY BELL**
District Attorney General

**JOHN DUGGER**
Asst. District Attorney General
510 Allison St.
Morristown, TN 37814

OPINION FILED:_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

## OPINION

The defendant, Michael Todd Drinnon, appeals from his convictions of two counts of evading arrest and two counts of third offense driving on a revoked license. Drinnon received his convictions at the conclusion of his trial before a jury of his peers in the Hamblen County Criminal Court. He received sentences of two years each for the evading arrest convictions and eleven months, 29 days for the driving on revoked license convictions. The evading arrest convictions were imposed consecutively to each other and concurrently to the driving on revoked license convictions, for an effective sentence of four years.[1] In this direct appeal, Drinnon challenges the sufficiency of the convicting evidence, the court's ruling that a defense witness must not invoke his Fifth Amendment privilege if he took the stand, and the sentence he received. Following a review of the record and the briefs of the parties, we affirm the judgment of the trial court.

The state's evidence at trial was that the defendant, who has a revoked driver's license, ran a stop sign and then fled from Officer Bob Ellis of the Morristown Police Department on June 16, 1996. Shortly thereafter, on June 22, 1996, Officer Ellis again encountered the defendant, who led him on a second chase. Officer Lynn Bales saw a videotape that Officer Ellis made of his second pursuit of the defendant, and on June 26, 1996, Officer Bales encountered an individual and a motorcycle, both of which matched those sought by Officer Ellis. The individual was the defendant.

The defendant's trial evidence was that an individual other than

---

[1]The sentences were imposed consecutively to a previous sentence for which the defendant was on appeal bond at the time he committed these offenses.

2

himself had driven the motorcycle.

# I

The defendant's first challenge is to the sufficiency of the convicting evidence. However, we are precluded from considering the issue before us because the defendant has failed to see that all of the trial evidence is included in the record. The key issue at trial was the identity of the perpetrator. The defendant claimed someone else committed the crimes. Several exhibits were admitted which apparently depict tattoos on the defendant's back and a similar tattoo on the back of the person the defendant claims committed the crimes. These exhibits were not included in the record on appeal. "It is the duty of the appellant to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); Tenn. R. App. P. 24(b). If the record fails to contain necessary items with respect to an appellate issue, the court is precluded from considering the merits of the issue. State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993); Tenn. R. App. P. 24(b). Accordingly, we are unable to consider this issue on its merits.

# II

In his second issue, the defendant claims the trial court erred in instructing a defense witness to answer a question after the witness invoked his Fifth Amendment right not to give incriminating testimony against himself. The defendant's brief contains no citation to any legal authority whatsoever. See Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7). Failure to follow the rules of court is a perilous practice which often, as in this case, results in technical default

3

of the issues improperly presented.[2]  See Tenn. Ct. Crim. App. R. 10(b).

Moreover, if this issue had been properly presented, we would find it without merit.  Before the witness took the stand, the assistant district attorney objected and informed the court that the defense was calling the witness solely so he could invoke his Fifth Amendment privilege against self-incrimination when asked whether he was the driver for the incidents with which the defendant was charged.  The court ruled that the witness must give his testimony, rather than invoking his constitutional privilege.  Thereafter, the defense offered the witness' testimony.  The witness admitted driving the motorcycle in question on two occasions in June 1996.  When asked whether he avoided a police vehicle which was chasing him when he was riding the motorcycle, he first said he would "rather" invoke his Fifth Amendment privilege.  The court instructed him, "You need to answer the question."  Thereafter, he denied fleeing from a police officer on the motorcycle.

An in-depth analysis of the applicable law is not necessary because these facts reveal that the witness had no need to invoke his Fifth Amendment privilege.  His testimony is devoid of evidence of any crime he committed.  Furthermore, we find no evidence whatsoever to support the defendant's claim that the witness' testimony in this regard was untruthful.[3]

_____

[2]Additional penalties for failure to file a brief which substantially conforms with the requirements of the Tennessee Rules of Appellate Procedure include striking the brief and ordering the offending party to file a new brief and ordering payment of costs by the offending attorney or party.  Tenn. R. Ct. Crim. App. 10(a).  Willful noncompliance with the rules of this court may result in a contempt citation.  Tenn. R. Ct. Crim. App. 16.

[3]The defendant also briefly argues that the trial court made improper comments adversely reflecting on the credibility of this witness in the presence of the jury.  The record reflects that the challenged comments, which we do not find illustrative of the witness' credibility, were made at a bench conference out of the

If this issue had been properly addressed in the defendant's brief, we would find it without merit.

## III

Finally, the defendant challenges the propriety of the maximum incarcerative sentences he received on each count and the imposition of consecutive sentences on two of the counts. Again, he has failed to make appropriate references to the record and citation to relevant authorities. His argument on this issue consists of three sentences and does not allege any specific deficiency in the manner in which the trial court imposed the sentences. The issue is waived. See Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7).

In any event, the record reflects that the defendant received a proper sentence. The trial court thoughtfully and methodically applied the principles of the Sentencing Reform Act of 1989 in determining the length of the individual sentences and imposing consecutive sentencing. The defendant has lived a protracted and active life of crime, especially for a man of only 33 years of age. He has repeatedly failed at serving probated or paroled sentences. He has continued to violate the law and/or has received new sentences on several occasions despite being on probation, parole or bond. He shows no prospect of reforming himself into a productive, law abiding member of society, and the public deserves protection from the defendant.

We affirm the judgment of the trial court.

---

hearing of the jury. We view the defendant's implication that the jury was prejudiced by these comments as, at best, misguided, in light of the record's reflection that the comments were not heard by the jury.

5

                                            _____

                                            CURWOOD WITT, JUDGE

CONCUR:


_____

JOSEPH M. TIPTON, JUDGE


_____

JOE G. RILEY, JUDGE